IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DON LAFLAMME, | No. C 12-0874 PJH (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| EVANS, Warden, | |
| Defendant. | |

This is a pro se civil rights complaint under 42 U.S.C. § 1983 filed by a state prisoner housed at Salinas Valley State Prison. It was transferred here from the Eastern District of California. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff contends that his sentence has been "illegally increased" as a result of loss of good time for disciplinary violations. Along with damages and court costs, he asks that he be released from prison and that his sentence been deemed "expired including parole."

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent plaintiff seeks release, his claims must be brought in a habeas case.

As to plaintiff's request for damages, the United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*; *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (claim arising from loss of good credits in disciplinary proceeding subject to *Heck* if success in 1983 case would result in shortened sentence).

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his continued confinement or result in the shortening of it; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487.

It is clear from the complaint that the conviction has not been invalidated, so the claims for damages also must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

## CONCLUSION

Plaintiff's claims cannot be raised in a section 1983 case. This action therefore is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 25, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\LaFlamme0874.dsm.wpd

3